IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREMONT REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY, <br><br> Defendants. | MAGISTRATE JUDGE Alexander <br><br> Civil Action No. _____ <br><br> RECEIPT # _____ <br> AMOUNT $150 <br> SUMMONS ISSUED YES <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. ___ <br> DATE 8/25/04 |

## COMPLAINT

### Introduction

1. This action for breach, unjust enrichment, fraud and unfair and deceptive practices arises out of an agreement by Pinnacle Group, LLC, Adams Canyon Ranch, LLC, John Lang, and Michael Grady (collectively, the "Defendants") to pay a brokerage fee to Plaintiff Tremont Realty Capital, Inc. ("Tremont") in the event that the Defendants obtained financing, from any source, for a real estate development project known as The Ranch at Santa Paula located in Ventura County, California (the "Project"). Such financing was obtained and a brokerage fee in the amount of $830,000 is due Tremont.

### Parties

2. Tremont is a Delaware corporation with its principal place of business located at 800 Boylston Street, Suite 401, Boston, Massachusetts.

3. Pinnacle Group, LLC ("Pinnacle") is an Arizona limited liability company with

its principal place of business located at 8145 North 86th Street, Scottsdale, Arizona.

4. Adams Canyon Ranch, LLC ("Adams Canyon") is an Arizona limited liability company with its principal place of business located at 8145 North 86th Street, Scottsdale, Arizona.

5. John Lang is an individual residing in Scottsdale, Arizona. Lang is the manager of Pinnacle.

6. Michael Grady is an individual residing in Scottsdale, Arizona. Grady is the CFO of Pinnacle and the manager of Santa Paula Development Partners, LLC, which is the manager of Adams Canyon.

### Jurisdiction and Venue

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are organized under the laws of and maintain their principal places of business in different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. Venue in this District is proper under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### Facts

9. On August 30, 2003, Tremont and the Defendants entered into a Mortgage Banking Agreement (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as Exhibit A.

10. Prior to entering into the Agreement, the parties negotiated the terms of the Agreement over several months. Those negotiations took place primarily during telephone calls between the Defendants and representatives of Tremont located in Boston, Massachusetts.

11. According to the Agreement, the Defendants "grant[ed] Tremont the exclusive right to procure or arrange the subject financing" for a project known as The Ranch at Santa Paula located in Ventura County, California (the "Project"). See Agreement at Paragraph 1.

12. According to the Agreement, the Defendants agreed to pay Tremont "a fee equal to one percent (1%) of the maximum loan amount of any senior debt financing, 3% of any mezzanine or 5% of any equity capital that is committed on the Project." See Agreement at Paragraph 4.

13. Tremont's exclusive right to procure or arrange financing for the Project was subject to the exception that if the Defendants obtained financing from a source listed on Appendix 1 to the Agreement, Tremont would not earn the agreed-upon brokerage fee, but rather would earn only a breakup fee of $25,000. See Agreement at Paragraph 5.

14. The sources listed on Appendix 1 to the Agreement are Funding America, Sion Holdings, and Old Standard Life. A true and accurate copy of Appendix 1 to the Agreement is attached hereto as Exhibit B.

15. Following execution of the Agreement, Tremont introduced the Defendants to Fidelity Management & Research Company ("Fidelity") as a funding source for the Project.

16. In 2003 and 2004, Tremont, Fidelity and the Defendants negotiated the terms under which Fidelity would provide financing to the Project. Those negotiations took place primarily during telephone calls among the Defendants, representatives of Tremont located in Boston, Massachusetts, and representatives of Fidelity located in Boston, Massachusetts.

17. Fidelity ultimately committed to provide the Defendants with $16,600,000 in equity financing for the Project subject to the execution of an appropriate financing agreement and related documentation.

18. In the months leading up to July, 2004, Tremont, Fidelity and the Defendants engaged in negotiations concerning the terms of a financing agreement.

19. Fidelity and the Defendants had each retained counsel to assist in negotiating and documenting the terms of a final financing agreement.

20. As of July, 2004, counsel for Fidelity and the Defendants were in the process of exchanging drafts of a financing agreement and related documentation by which Fidelity would provide the Defendants with $16,600,000 in equity financing for the Project.

21. During the negotiations among Tremont, Fidelity and the Defendants, the Defendants represented to Tremont and Fidelity that they were not engaged in discussions with any potential financing source other than Fidelity and those lenders named on Appendix 1 to the Agreement. At the time Defendants made this representation, upon information and belief, they were engaged in discussions with potential lending source(s) other than Fidelity and those lenders named on Appendix 1 to the Agreement.

22. In July, 2004, the Defendants secured financing for the Project with another lender and ceased all negotiations with Fidelity and Tremont.

23. On July 26, 2004, Tremont made demand upon the Defendants to pay a brokerage fee equal to 5% of the $16,600,000 in equity financing that Fidelity had committed to the Project. A true and accurate copy of the July 26, 2004 correspondence is attached hereto as Exhibit C.

24. On July 27, 2004, the Defendants rejected Tremont's demand that it be paid the agreed-upon brokerage fee. A true and accurate copy of the July 27, 2004 correspondence is attached hereto as Exhibit D.

## COUNT I
### (Breach of Contract)

25. Tremont hereby realleges and incorporates paragraphs 1 - 24 above.

26. The Defendants have breached the Agreement by wrongfully refusing and failing to perform their obligations under that agreement, specifically their failure to pay the brokerage fee in accordance with paragraph 4 of the Agreement.

27. Tremont has performed all conditions precedent to its right to collect the brokerage fee.

28. The Defendants' conduct has caused and continues to cause damage to Tremont.

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

29. Tremont hereby realleges and incorporates paragraphs 1 - 28 above.

30. The Agreement contains an implied covenant of good faith and fair dealing.

31. The Defendants are in breach of the implied covenant of good faith and fair dealing contained in the Agreement.

32. The Defendants' conduct has caused and continues to cause damage to Tremont.

## COUNT III
### (Unjust Enrichment)

33. Tremont hereby realleges and incorporates paragraphs 1 - 32 above.

34. The Defendants have been unjustly enriched by their retention of benefits received in connection with Tremont's performance of its obligations under the Agreement and their refusal to pay Tremont its brokerage fee.

35. The Defendants' conduct has caused and continues to cause damage to Tremont.

## COUNT IV
**(Fraud)**

36. Tremont hereby realleges and incorporates paragraphs 1 - 35 above.

37. The Defendants' misrepresentations that they were not in discussions with potential financing sources other than Fidelity and those lenders named on Appendix 1 to the Agreement constitute false statements of fact and were known to the Defendants to be false when made or were made with reckless disregard for their truth or falsity.

38. The Defendants intended to and did induce Tremont to reasonably rely on their representations as outlined herein to its detriment.

39. The Defendants' conduct has caused and continues to cause damage to Tremont.

## COUNT IV
**(Unfair and Deceptive Acts and Practices under M.G.L. c. 93A)**

40. Tremont hereby realleges and incorporates paragraphs 1 - 39 above.

41. The Defendants are engaged in trade or commerce within the meaning of Mass. Gen. L. c. 93A, § 1.

42. The actions of the Defendants were calculated to obtain the benefits provided by Tremont under the Agreement without having to provide Tremont with the consideration promised under the Agreement.

43. The actions of the Defendants as alleged herein constitute unfair and deceptive acts and practices in violation of Mass. Gen. L. c. 93A, §§ 2 & 11.

44. The unfair and deceptive acts committed by the Defendants were knowing and willful.

45. The Defendants' conduct has caused and continues to cause damage to Tremont.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tremont Realty Capital, Inc. respectfully requests that this Court:

[a] enter judgment in Tremont's favor and against the Defendants on count I of the Complaint and award damages in an amount to be determined by the trier of fact;

[b] enter judgment in Tremont's favor and against the Defendants on count II of the Complaint and award damages in an amount to be determined by the trier of fact;

[c] enter judgment in Tremont's favor and against the Defendants on count III of the Complaint and award damages in an amount to be determined by the trier of fact;

[d] enter judgment in Tremont's favor and against the Defendants on count IV of the Complaint and award damages in an amount to be determined by the trier of fact;

[e] award Tremont three times its compensatory and consequential damages for the Defendants' knowing and willful violations of G.L. c. 93A;

[f] award Tremont its reasonable attorneys' fees and costs due to Defendants' violations of M.G.L. c. 93A; and

[g] award Tremont such other and further relief as this Court deems just and proper.

## JURY DEMAND

Tremont Realty Capital, Inc. hereby demands a trial by jury on all claims so triable.

TREMONT REALTY CAPITAL, INC.

By its attorneys,

_____
James M. Wodarski, BBO# 627036
David Hadas, BBO #641294
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated: August 25, 2004

LIT 1451036v3

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TREMONT REALTY CAPITAL, INC.

## DEFENDANTS
PINNACLE GROUP LLC, ADAMS CANYON RANCH, LLC, JOHN LANG and MICHAEL GRADY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JAMES M. WODARSKI
DAVID HADAS
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
ONE FINANCIAL CENTER, BOSTON, MA
617-542-6000

ATTORNEYS (IF KNOWN)

04 11853 RGS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C., Section 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 830,000 plus interest plus treble

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 8/25/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DISTRICT OF MASSACHUSETT

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **TREMONT REALTY CAPITAL, INC.**
   **V. PINNACLE GROUP, LLC**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   _X_  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  **Eastern**

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:   YES ☐   NO ☒       OR WESTERN SECTION:   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   David Hadas, Esquire -- Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
ADDRESS           One Financial Center, Boston, MA 02111
TELEPHONE NO.     (617) 348-1793

(Categfrm.rev - 3/97)