UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREMONT REALTY CAPITAL, INC., a Massachusetts Corporation,<br>        Plaintiff,<br><br>v.<br><br>PINNACLE GROUP, LLC, an Arizona limited liability company; ADAMS CANYON RANCH, LLC, an Arizona limited liability company, John Lang, an individual; and Michael Grady, an individual,<br>        Defendants,<br>and<br><br>_____<br><br>PINNACLE GROUP, LLC, an Arizona limited liability company; ADAMS CANYON RANCH, LLC, an Arizona limited liability company, John Lang, an individual; and Michael Grady, an individual,<br>        Counterclaimants,<br><br>v.<br><br>TREMONT REALTY CAPITAL, INC., a Massachusetts Corporation,<br>        Counter-Defendant,<br>and<br><br>_____<br><br>PINNACLE GROUP, LLC, an Arizona limited liability company; ADAMS CANYON RANCH, LLC, an Arizona limited liability company, John Lang, an individual; and Michael Grady, an individual,<br>        Third-Party Plaintiffs,<br><br>v.<br><br>FORTIS ADVISORS, LLC, an Arizona limited liability company; TREMONT-FORTIS REALTY CAPITAL, LLC, an unknown entity; RUSSELL POSORSKE, an individual; RICHARD C. GALLITTO, an individual; DANIEL O. MEE, an individual,<br>        Third-Party Defendants. | Case No. 04-11853-RGS<br><br><br>**FIRST AMENDED THIRD-PARTY COMPLAINT** |

## INTRODUCTION

1. Pinnacle Group, LLC, an Arizona limited liability company, Adams Canyon Ranch, LLC, an Arizona limited liability company, John Lang, an individual and Michael Grady, an individual, all of whom are collectively referenced to hereafter as "Third Party Plaintiffs," have been sued by Tremont Realty Capital, Inc. (hereinafter "Tremont") in the United Stated District Court for the District of Massachusetts. In addition to counter-claiming against Tremont, the Third-Party Plaintiffs assert this Third-Party Complaint.

## JURISDICTION

2. Jurisdiction is proper over each of the Third-Party Defendants pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Third-Party Plaintiff Pinnacle Group, LLC (hereinafter "Pinnacle") is an Arizona limited liability company with its principal place of business located at 8145 N. 86th Street, Scottsdale, Arizona.

4. Third-Party Plaintiff Adams Canyon Ranch, LLC (hereinafter "Adams Canyon") is an Arizona limited liability company with its principal place of business located at 8145 N. 86th Street, Scottsdale, Arizona.

5. Third-Party Plaintiff John Lang (hereinafter "Lang") is an individual residing in Scottsdale, Arizona. Lang is President, CEO, and one of two co-managers of Pinnacle.

6. Third-Party Plaintiff Michael Grady (hereinafter "Grady") is an individual residing in Paradise Valley, Arizona. Grady is the CFO and the other Co-Manager of Pinnacle, as well as being the Manager of Santa Paula Development Partners, LLC, which is the Manager of Adams Canyon.

7. Upon information and belief, Third-Party Defendant Fortis Advisors, LLC (hereinafter "Fortis") is an Arizona limited liability company with its principal place of business located at 7526 East Camelback Road, Scottsdale, Arizona.

8. Third-Party Defendant Tremont-Fortis Realty Capital, LLC (hereinafter "Tremont-Fortis") is an unknown entity and its domicile is also presently unknown to Third-Party Plaintiff. Upon information and belief, Third-Party Defendant Russell Posorske is a principal of Tremont-Fortis, and Tremont is somehow affiliated with Tremont-Fortis.

9. Upon information and belief, Third-Party Defendant Daniel O. Mee (hereinafter "Mee") is, and was at all times material hereto, a director, officer, employee, and/or authorized representative and agent of Tremont and Tremont held Mee out as an "Executive Director" of Tremont to members of the general public, including Defendants/Third-Party Plaintiffs herein.

10. Upon information and belief, Third-Party Defendant Russell Posorske (hereinafter "Posorske") is, and was at all times material hereto, a director, officer, employee, and/or authorized representative and agent of Tremont and Tremont held Posorske out as a "Senior Director" of Tremont to members of the general public, including Defendants/Third-Party Plaintiffs herein.

11. Upon information and belief, Third-Party Defendant Richard C. Gallitto (hereinafter "Gallitto") is, and was at all times material hereto, a director, officer, employee, and/or authorized representative and agent of Tremont and Tremont held Gallitto out as an "Executive Director" of Tremont to members of the general public, including Defendants/Third-Party Plaintiffs herein.

**RHETORICAL ALLEGATIONS**

12. Third-Party Plaintiffs hereby incorporate by reference all of the allegations

set forth in rhetorical paragraphs 1-23 of the Counterclaims in the "Amended Answer and First Amended Counterclaim" filed by Third-Party Plaintiffs in this cause on April 15, 2005, as if restated verbatim herein.

## COUNT I
### (Fraud)

13. During the negotiations leading up to the execution of the Agreement between the parties, as well as thereafter, Fortis, Tremont-Fortis, Mee, Gallitto and Posorske (collectively "Third-Party Defendants"), made numerous representations and misrepresentations to Third-Party Plaintiffs, including, but not limited to, the following:

   a. That Fortis, Tremont-Fortis, Posorske, Mee, and Gallitto were knowledgeable and experienced in obtaining financing of the magnitude, scope and nature of the "subject financing" and were knowledgeable and experience in obtaining financing of the scope and magnitude as that involved in the real estate Project involved in this matter;

   b. That Tremont and the Third-Party Defendants could (and would) secure for Third-Party Plaintiffs the "subject financing" (*i.e.*, financing for the Project which meets the terms and parameters as set forth in paragraph 22 of Third-Party Defendants' Amended Answer and First Amended Counterclaim);

   c. That the Third-Party Defendants would obtain the "subject financing" in a timely fashion and in a commercially reasonable time frame; and

   d. That Gallitto would be the lead person or the "point person" who would primarily take an active role in contacting potential funding sources, negotiating and dealing with said potential funding sources, and finalizing and consummating the ultimate obtainment of the "subject financing"

from one or more funding sources for the benefit of Third-Party Plaintiffs and for the benefit of the Project.

14.   The above representations and misrepresentations made by Third-Party Defendants, as well as other representations and misrepresentations, were material in that they were matters of extreme significance and importance to Third-Party Plaintiffs, such that Third-Party Plaintiffs would never have agreed to the exclusivity provision in the Mortgage Banking Agreement with Third-Party Defendants had Third-Party Defendants not made these representations to Third-Party Plaintiffs.

15.   At the time that Third-Party Defendants made these various representations to Third-Party Plaintiffs, Third-Party Defendants knew that said representations were false, including, but not limited to, the fact that Third-Party Defendants did not (and never intended) to allocate its work product in such a fashion as to cause Gallitto to be the lead person on this Project, but instead Third-Party Defendants assigned Posorske the responsibility for being the lead person for securing the "subject financing." In addition, Third-Party Defendants knew that it could not obtain financing for the Project in accordance with the terms and conditions which comprised the "subject financing." In addition, Third-Party Defendants misrepresented the skill, knowledge, experience and background level and abilities of Posorske with regard to: (1) obtaining financing for real estate projects of the character, quality, and magnitude of the project; and (2) obtaining the correspondingly requested "subject financing."

16.   These representations, as well as others, by Third-Party Defendants were false and Third-Party Defendants knew that they were false at the time that the representations were made to Third-Party Plaintiffs.

17.   All of the Third-Party Defendants, as well as Tremont, acted in concert with one another or otherwise under such circumstances relative to all the claims

- 5 -

alleged in this Third-Party Complaint as to constitute a civil conspiracy such that each and all of the Third-Party Defendants, and Tremont, are liable to Third-Party Plaintiffs as civil co-conspirators in this matter.

18. Third-Party Plaintiffs relied upon said representations/misrepresentations in the exact manner in which Third-Party Defendants had intended, to wit: Third-Party Plaintiffs capitulated and agreed to certain "exclusivity" terms being inserted in the Mortgage Banking Agreement to the effect that Third-Party Defendants were given a "exclusive listing" relative to obtaining the "subject financing."

19. In addition, Third-Party Plaintiffs did not approach other potential sources of funding for a period of time after the execution of the Mortgage Banking Agreement in reliance upon the exclusive provisions of said Agreement which Third-Party Defendants had extracted from Third-Party Plaintiffs.

20. Third-Party Plaintiffs' reliance on said misrepresentations by Third-Party Defendants was reasonable under the circumstances and was of such a kind and nature as to have been the type of reliance which was reasonably contemplated by Third-Party Defendants.

21. Third-Party Plaintiffs have incurred damages as a result of Third-Party Defendants' misrepresentations in this matter, including, but not limited to, the following:

   a. Third-Party Plaintiffs were forced to get a "bullet" loan in order to obtain interim stop-gap financing for the Project which cost Third-Party Plaintiffs nine (9) percentage points in fees and commissions;

   b. The stop-gap financing which Third-Party Plaintiffs were forced to obtain provides for a maturity date that is 36 months subsequent to the date of the Loan; however, said stop-gap financing in practicality has a term of only 18 months based upon the approved cash flow schedule (sources

and uses schedule) for the project. This "shortage" in terms of time for repayment negatively impacts Third-Party Plaintiffs' ability to obtain the entitlements to the property it now seeks, which will necessitate additional fees, costs and interest expense in the near future;

c. Third-Party Plaintiffs are obligated on a "go forward" basis to pay approximately $45,000.00 per month to Dahlburg Farms, Inc. as its pre-agreed management and consulting fees relative to the Project;

d. Third-Party Plaintiffs have incurred, and continue to incur, an extensive amount of attorney's fees to negotiate the bullet loan, as well as attorney's fees relative to this litigation;

e. Third-Party Plaintiffs received the return of their original equity investment of approximately $5 million. However, they are obligated (contrary to the terms of the subject financing they had been seeking) to reinvest those monies back into the Project at the rate of $45,000.00 per month to cover the Dahlburg Farms' payment due each month. These were payments that the subject financing (had it been obtained) was to cover; and

f. Third-Party Plaintiffs have been otherwise damaged as a result of Third-Party Defendants' intentional fraudulent conduct in this matter.

22. In addition to its actual damages incurred as a result of Third-Party Defendants' fraudulent conduct in this matter, Third-Party Plaintiffs are entitled to an award of punitive damages against Third-Party Defendants in order to punish Third-Party Defendants for its intentionally tortious conduct in this matter, as well as to deter others of a like mind from potentially engaging in said intentionally tortious conduct in the future.

WHEREFORE, by reason of the foregoing, Third-Party Plaintiffs pray for a judgment against Third-Party Defendants, jointly and severally, as follows:

A. In the full amount of Third-Party Plaintiffs' actual damages incurred as a result of Third-Party Defendants' intentionally tortious conduct;

B. In an amount of punitive damages sufficient to punish Third-Party Defendants for its intentionally tortious conduct as well as to deter others of a similar mind from engaging in such conduct in the future;

C. For Third-Party Plaintiffs' reasonable costs and attorney's fees incurred in the processing of this Third-Party Complaint; and

D. For all of the relief which the trier of fact deems Third-Party Plaintiffs to be entitled.

## COUNT II
**(Unfair and Deceptive Acts and Practices Pursuant to M.G.L. c. 93A)**

23. Third-Party Plaintiffs hereby re-allege and incorporate all of the matter set forth in rhetorical paragraphs 1 through 22 set forth above as set forth verbatim herein.

24. Third-Party Defendants engaged in trade or commerce within the meaning of M.G.L. c. 93A, § 1.

25. The actions of Third-Party Defendants were calculated to obtain the benefits provided by the Third-Party Plaintiffs under the Agreement (including, but not limited to, providing Third-Party Defendants with an exclusive listing, agreeing to a $25,000.00 break-up fee, a mortgage brokerage fee in excess of $800,000.00, etc.) without having to provide Third-Party Plaintiffs with the consideration promised under the Agreement.

26. The actions of Third-Party Defendants as alleged herein constitute unfair and deceptive acts and practices and violations of M.G.L. c. 93A, §§ 2 & 11.

27. The unfair and deceptive acts committed by Third-Party Defendants were knowing and willful.

28. Third-Party Defendants' conduct has caused and continues to cause Third-Party Plaintiffs damage.

29. According to M.G.L. c. 93A, Third-Party Plaintiffs are entitled to an award of their reasonable attorney's fees and costs incurred as a result of Third-Party Defendants' violations of said statute. In addition, Third-Party Plaintiffs are entitled to an award of two to three times their compensatory and consequential damages as a result of Third-Party Defendants' knowing and willful violations of M.G.L. c. 93A.

WHEREFORE, Third-Party Plaintiffs, respectfully request that they be awarded a judgment against Third-Party Defendants, jointly and severally, as follows:

A. In favor of Third-Party Plaintiffs and against Third-Party Defendants, and each of them, in the full amount of Third-Party Plaintiffs' actual damages incurred as a result of Third-Party Defendants' unfair and deceptive acts and practices under M.G.L. c. 93A in an amount to be determined by the trier of fact;

B. In favor of Third-Party Plaintiffs and against Third-Party Defendants equal to treble damages (*i.e.*, an amount three times Third-Party Plaintiffs' compensatory and consequential damages) for Third-Party Defendants' knowing and willful violations of M.G.L. c. 93A;

C. In favor of Third-Party Plaintiffs and against Third-Party Defendants, in the full amount of their reasonable attorney's fees and costs incurred as a result of Third-Party Defendants' violations of M.G.L. c. 93A; and

D. All other relief which the Court or other trier of fact deems just and appropriate under the circumstances.

## COUNT III
### (Negligence)

30. Third-Party Plaintiffs hereby incorporate by reference all of the allegations set forth in paragraphs 1-29 of this Third-Party Complaint as if set forth verbatim herein.

31. The conduct of Third-Party Defendants in this matter was negligent in several respects, including, but not limited to, the fact that Third-Party Defendants assembled the financing package which Third-Party Defendants knew, or a reasonable and prudent person in the same circumstance as Third-Party Defendants should have known, would never receive favorable treatment in the lending community.

32. Third-Party Defendants, including, but not limited to, Fortis, Tremont-Fortis, Mee, Gallitto, and Posorske, made statements, representations, and misrepresentations to Third-Party Plaintiffs which were knowingly false, and/or were made without sufficient knowledge of their truth or falsity, and Third-Party Defendants' conduct in this matter otherwise fell below the standard of care of an ordinary and reasonable and prudent person under the same or similar circumstances.

33. Third-Party Defendants' negligent misrepresentations and/or other acts of negligence were the proximate and foreseeable causes of the damages which were consequentially incurred by Third-Party Plaintiffs as set forth previously.

WHEREFORE, by reason of the foregoing, Third-Party Plaintiffs pray for a judgment against Third-Party Defendants, jointly and severally, as follows:

A. In an amount sufficient to compensate Third-Party Plaintiffs for their actual and consequential damages incurred as a result of Third-Party Defendants' negligence in this matter; and

B. For all other relief which the Court or other trier of fact deems just and appropriate under the circumstances.

**COUNT IV**
**(Consumer Fraud Pursuant to Arizona Revised Statutes §44-1521, *et seq.*)**

34. Third-Party Plaintiffs hereby incorporate by reference all of the allegations set forth in paragraphs 1-33 of this Third-Party Complaint as if set forth verbatim herein.

35. Arizona Revised Statutes §44-1521, *et seq.* provides that the use by any "person" (defined as being a corporation or individual) of any deception, deceptive act, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact, with intent that the others rely thereon in connection with the sale of any merchandise, whether or not the person, has, in fact, been mislead, deceived, or damaged thereby, is declared to be an unlawful practice.

36. The sale of services has been determined under Arizona law to be encompassed within the definition of "merchandise" within the scope and intent of A.R.S. §44-1521, *et seq.* Accordingly, the sale of mortgage brokerage services by Third-Party Defendants to Third-Party Plaintiffs constitutes the sale of "merchandise" within the meaning of the statute.

37. A.R.S. §44-1521, *et seq.* inferentially creates a private right of action for deceptive practices in general and, accordingly, Third-Party Plaintiffs are entitled to bring this cause of action against these Third-Party Defendants.

38. Third-Party Plaintiffs have been actually damaged as a result of Third-Party Defendants' unlawful practices as set forth previously herein.

39. By reason of the foregoing Third-Party Defendants are liable to Third-Party Plaintiffs for violating A.R.S. §1522, *et seq.* and for having perpetrated a consumer fraud upon Third-Party Plaintiffs.

WHEREFORE, Third-Party Plaintiffs pray for judgment against Third-Party Defendants, jointly and severally, as follows:

A.  In the full amount of Third-Party Plaintiffs' actual damages incurred as a result of Third-Party Defendants' violations of A.R.S. §44-1521, *et seq.*;

B.  In an amount of punitive damages sufficient to punish Third-Party Defendants for their intentionally tortious conduct as well as to deter others of a similar mind from engaging in such conduct in the future;

C.  For Third-Party Plaintiffs' reasonable costs and attorney's fees incurred in the processing of this Third-Party Complaint; and

D.  For all of the relief which the trier of fact deems Third-Party Plaintiffs to be entitled.

### COUNT V
### (Aiding and Abetting)

40.  Third-Party Plaintiffs hereby incorporate by reference all of the allegations set forth in paragraphs 1-39 of this Third-Party Complaint as if set forth verbatim herein.

41.  Each of the Third-Party Defendants are liable to Third-Party Plaintiffs in that each of them was a part of the civil conspiracy formed among the Third-Party Defendants and/or aided and abetted one or more of the other Third-Party Defendants in committing one or more of the various torts and/or statutory violations set forth in this Third-Party Complaint and/or aided or abetted Plaintiff Tremont in committing its breaches of contract relative to Third-Party Plaintiffs.

42.  Each of the Third-Party Defendants also aided and abetted one or more of the other Third-Party Defendants in carrying out the fraud perpetrated upon Third-Party Plaintiffs (both a common law fraud pursuant to the Arizona Consumer Fraud

Statute, and fraud pursuant to the Massachusetts statutes on Unfair and Deceptive Acts and Practices) as set forth previously herein.

43. Accordingly, each of the Third-Party Defendants is liable to Third-Party Plaintiffs, jointly and severally, as a civil co-conspirator and/or as an aider and/or abetter of the fraud, breaches of contract, and negligence as previously set forth in this Third-Party Complaint.

WHEREFORE, Third-Party Plaintiffs pray for judgment against Third-Party Defendants, jointly and severally, as follows:

A. In the full amount of Third-Party Plaintiffs' actual damages incurred as a result of Third-Party Defendants' intentionally tortious conduct and/or breaches of contract and/or violations of various state statutes;

B. In an amount of punitive damages sufficient to punish Third-Party Defendants for its intentionally tortious conduct as well as to deter others of a similar mind from engaging in such conduct in the future;

C. For Third-Party Plaintiffs' reasonable costs and attorney's fees incurred in the processing of this Third-Party Complaint; and

D. For all of the relief which the trier of fact deems Third-Party Plaintiffs to be entitled.

## JURY DEMAND

The Third-Party Plaintiffs demand a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ *William J. Hunt*
William J. Hunt (BBO #244720)
Armando J. Acosta (BBO #648242)
**Clark Hunt & Embry**
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

Dated: April 15, 2005