IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREMONT REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY, <br><br> Defendants. <br><br> ──────────────────────── <br><br> PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> TREMONT REALTY CAPITAL, INC., <br><br> Counterclaim Defendant. | Civil Action No. 04-11853-RGS |

**PLAINTIFF'S ANSWER TO DEFENDANTS' AMENDED
ANSWER AND FIRST AMENDED COUNTERCLAIM**

Plaintiff Tremont Realty Capital, Inc. ("Tremont") hereby answers Defendants

Pinnacle Group, LLC ("Pinnacle"), Adams Canyon Ranch, LLC ("Adams Canyon"),

John Lang, and Michael Grady's (collectively, "Defendants") Answer and First Amended

Counterclaim ("Counterclaims") and responds to the allegations contained in the

numbered paragraphs of the Counterclaims as follows:

1

1. Admitted.

2. Tremont denies the allegations contained in paragraph two of the Counterclaims.

3. Admitted.

4. Admitted.

5. Tremont admits that John Lang is an individual residing in Scottsdale, Arizona and a manager of Pinnacle. Tremont lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph five.

6. Tremont admits that Michael Grady is an individual residing in Arizona and that Grady is the CFO of Pinnacle and the manager of Santa Paula Development Partners, LLC, which is the manager of Adams Canyon. Tremont lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph five.

7. The allegations contained in paragraph seven state conclusions of law to which no response is required.

8. Tremont admits that Daniel Mee has been an Executive Director of Tremont, and been held out to the public as such, since February of 2000. Tremont further admits that Mee has been a director and officer of Tremont since that date and was an employee of Tremont from that date until June 30, 2002. The remainder of the allegations contained in paragraph eight state conclusions of law to which no response is required.

9. Tremont admits that through the joint venture, Tremont-Fortis, LLC, Russell Posorske was hired to be a marketing representative in Scottsdale, Arizona and

that Posorske has held the title of "Senior Director," and has been held out to the public as such since that time. Tremont denies that Posorske is or has been at all times material hereto a director, officer, and employee of Tremont. The remainder of the allegations contained in paragraph nine state conclusions of law to which no response is required.

10. Tremont admits that Richard Gallitto has been an Executive Director, and been held out as such to the general public, since February of 2000. Tremont further admits that Mee has been a director and officer of Tremont since that date and was an employee of Tremont from that date until June 30, 2002. The remainder of the allegations contained in paragraph ten state conclusions of law to which no response is required.

11. Tremont cannot determine which "statements," and "other actions and conduct," of Mee, Gallitto and Posorske are referred to in paragraph eleven and therefore lacks knowledge or sufficient information to form a belief as to the allegations contained in paragraph eleven.

12. Tremont admits that in 2003 it entered into negotiations with Defendants relative to the terms of a Mortgage Banking Agreement, entered into between Tremont and Defendants on August 30, 2003 and attached as Exhibit A to Tremont's Complaint (the "Agreement") and that Mee, Gallitto, Posorske and others participated in those negotiations. The remainder of the allegations contained in paragraph twelve state conclusions of law to which no response is required.

13. To the extent the allegations contained in paragraph thirteen state conclusions of law, no response is required. Tremont denies the remainder of the allegations contained in paragraph thirteen.

14. Admitted.

15. Denied. Answering further, Tremont states that, on August 4, 2003, Tremont Realty Capital, LLC formed a joint venture with Fortis Advisors, LLC, known as Tremont-Fortis, LLC.

16. Tremont lacks knowledge or information sufficient to form a belief as to the allegations contained paragraph sixteen.

17. Denied.

18. Tremont admits that it is, and has held itself out to be, extremely knowledgeable, experienced and well-connected relative to potential real estate capital funding sources and quite capable of handling a real estate project of the magnitude of the Project. The remainder of the allegations contained in paragraph eighteen state conclusions of law to which no response is required.

19. Denied.

20. Denied.

## COUNT I
**(Fraud)**

21. Tremont restates its responses to paragraphs one through twenty of the Counterclaims.

22. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 22 is required at this time.

23. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 23 is required at this time.

24. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 24 is required at this time.

25. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 25 is required at this time.

26. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 26 is required at this time.

27. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 27 is required at this time.

28. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 28 is required at this time.

29. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 29 is required at this time.

30. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 30 is required at this time.

31. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 31 is required at this time.

32. Tremont has moved to dismiss Count I of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 32 is required at this time.

### Count II
### (Unfair and Deceptive Acts and Practices Pursuant M.G.L. c. 93A)

33. Tremont restates its responses to paragraphs one through 32 of the Counterclaims.

34. Tremont has moved to dismiss Count II of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 34 is required at this time.

35. Tremont has moved to dismiss Count II of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 35 is required at this time.

36. Tremont has moved to dismiss Count II of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 36 is required at this time.

37. Tremont has moved to dismiss Count II of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 37 is required at this time.

38.   Tremont has moved to dismiss Count II of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 38 is required at this time.

39.   Tremont has moved to dismiss Count II of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 39 is required at this time.

### Count III
### (Negligence)

40.   Tremont restates its responses to paragraphs one through 39 of the Counterclaims.

41.   Tremont has moved to dismiss Count III of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 41 is required at this time.

42.   Tremont has moved to dismiss Count III of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 42 is required at this time.

43.   Tremont has moved to dismiss Count III of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 43 is required at this time.

### Count IV
### (Breach of Contract)

44.   Tremont restates its responses to paragraphs one through 43 of the Counterclaims.

7

45. The allegation contained in paragraph 45 states conclusions of law to which no response is required.

46. Denied.

47. Denied.

48. Denied.

## Count V
### (Declaratory Judgment)

49. Tremont restates its responses to paragraphs one through 49 of the Counterclaims.

50. Tremont denies the allegations contained in paragraph 50 as a characterization of a document that speaks for itself.

51. Tremont denies the allegations contained in the first sentence of paragraph 51 as a characterization of a document that speaks for itself. Tremont denies the remainder of the allegations contained in paragraph 51.

52. Tremont denies the allegations contained in the first sentence of paragraph 52 as a characterization of a document that speaks for itself. Tremont denies the remainder of the allegations contained in paragraph 52.

53. The allegations contained in paragraph 53 state a conclusion of law to which no response is required.

54. The allegations contained in paragraph 54 state a conclusion of law to which no response is required.

55. Denied.

56. Paragraph 56 does not assert a claim or allegation against Tremont, and thus no response is required.

8

## Count VI
### (Consumer Fraud)

57.     Tremont restates its responses to paragraphs one through 56 of the Counterclaims.

58.     Tremont has moved to dismiss Count VI of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 58 is required at this time.

59.     Tremont has moved to dismiss Count VI of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 59 is required at this time.

60.     Tremont has moved to dismiss Count VI of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 60 is required at this time.

61.     Tremont has moved to dismiss Count VI of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 61 is required at this time.

62.     Tremont has moved to dismiss Count VI of Defendants' Counterclaim. Accordingly, no response to the allegations contained in paragraph 62 is required at this time.

## AFFIRMATIVE DEFENSES

Tremont gives notice to Defendants that Tremont intends to raise any other Affirmative Defenses, Counterclaims and/or Third-Party Claims that may become apparent during the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

Defendants are estopped from asserting its claims because of their own word and deed.

### SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in party by a lack of justifiable reliance.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred due to fraud by the Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Tremont.

### NINTH AFFIRMATIVE DEFENSE

Tremont is immune for harm sustained by its legal adversary.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Defendants claim damages under their legal claims, any such injury, if it occurred, resulted from the acts or omissions of a third party over which Tremont had no control.

Wherefore, Tremont prays that the Court dismiss this action and award Tremont its costs, including reasonable attorneys' fees.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

**TREMONT REALTY CAPITAL, INC.**
By its attorneys,

__/S/_ Michael S. Day_____
James M. Wodarski, BBO# 627036
Michael S. Day, BBO # 656247
Joseph V. Cavanagh, BBO # 657671
Mintz, Levin, Cohn, Ferris,
 Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated:  May 13, 2005

### Certificate of Service

I certify that on this day I caused a true copy of this Answer to be served on Counterclaimants' counsel of record, William J. Hunt, Clark, Hunt & Emery, 55 Cambridge Parkway, Cambridge, Massachusetts 02142, by first class mail.

Dated:  May 13, 2005               /s/ Michael S. Day_____
                                   Michael S. Day

LIT 1517576v3
LIT 1451036v3