IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREMONT REALTY CAPITAL, INC.,<br><br>    Plaintiff,<br>v.<br><br>PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY,<br><br>    Defendants.<br>and | Civil Action No. 04-11853-RGS |
| PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY,<br><br>    Counterclaim Plaintiffs,<br>v.<br><br>TREMONT REALTY CAPITAL, INC.,<br><br>    Counterclaim Defendant.<br>and | |
| PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY,<br><br>    Third-Party Plaintiffs,<br>v.<br><br>FORTIS ADVISORS, LLC, TREMONT-FORTIS REALTY CAPITAL, LLC, RUSSELL POSORSKE, RICHARD C. GALLITTO AND DANIEL O. MEE<br><br>    Third-Party Defendants. | |

**THE THIRD PARTY DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS THE
<u>FIRST AMENDED THIRD-PARTY COMPLAINT</u>**

Third-Party Defendants Fortis Advisors, LLC ("Fortis"), Tremont-Fortis Realty Capital, LLC ("Tremont-Fortis"), Russell Posorske ("Posorske"), Richard C. Gallitto ("Gallitto") and Daniel O. Mee ("Mee") (collectively the "Third-Party Defendants") submit this memorandum in support of their Motion To Dismiss The First Amended Third-Party Complaint, dated April 15, 2005.

## <u>Introduction</u>

This litigation turns on the question of which party breached its obligation to perform under a mortgage banking agreement ("MBA"). Regrettably, the Third-Party Plaintiffs, Pinnacle Group, LLC, Adams Canyon Ranch, LLC, John Lang and Michael Grady (collectively the "Pinnacle Parties") also attempt, unpersuasively, to contort and embellish their straightforward contract claim into five separate fraud-based causes of action for fraud, violation of G.L. 93A, negligence, violations of Arizona's consumer fraud statute and aiding and abetting.

All of these fraud-based claims are baseless. As a preliminary matter, however, none of these claims is pleaded with the particularity that Fed. R. Civ. P. 9(b) requires. As in their near-identical First Amended Counterclaim, the Pinnacle Parties use one summary paragraph to allege that, in the negotiations leading to the execution of the MBA, the Third-Party Defendants "made several representations and misrepresentations to [the] Third-Party Plaintiffs." Third-Party Complaint, at ¶13. While the paragraph goes on to summarize the alleged substance of these representations, nowhere in the Third-

Party Complaint do the Pinnacle Parties state (i) who allegedly made these statements, (ii) when they were allegedly made, or (iii) to whom the statements where made. The Third-Party Complaint is, therefore, facially and legally deficient as to each of the five fraud-based causes of action.

In the absence of a well-pleaded complaint, the Third-Party Defendants are unable to determine whether the asserted actions state claims upon which relief may be granted. For example, absent more particular allegations, the Third-Party Defendants are unable to assess whether the alleged conduct occurred primarily and substantially in Massachusetts, within the meaning of G.L. c. 93A, § 11, ¶8. Count I (Fraud), Count II (G.L. c. 93A, § 11), Count III (Negligence), Count IV (A.R.S. § 44-1521 *et seq*.) and Count V (Aiding and Abetting) should be dismissed for a failure to plead fraud with the requisite particularity.

## Argument

**I.    The Pinnacle Parties' Fraud-Based Common Law Claims Do Not Meet Rule 9(b)'s Requirements For Pleading Fraud With Particularity.**

The Pinnacle Parties lump the statements allegedly made by the Third-Party Defendants into only "representations and misrepresentations." See, e.g., Third-Party Complaint at ¶13, ¶14, ¶18, and ¶32; compare ¶15 and ¶16 with ¶20 and ¶21. They also fail to indicate necessary details such as who was involved in these communications, when the communications took place, where they took place and why the statements allegedly made were fraudulent. Fed. R. Civ. P. 9(b) mandates that "[i]n all averments of fraud . . . the circumstances constituting the fraud . . . shall be stated with particularity." This requirement is strictly construed. See Curtis v. Duffy, 742 F. Supp. 34, 38 (D. Mass.

1990) (granting motion to dismiss stating that plaintiffs merely stated conclusory allegations with no description of any time, place, or content of the communication). As such, a fraud complaint must "(1) specify the statements that the Plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997)(affirming the dismissal of a securities fraud case for failing to allege the elements of fraud with particularity). Mere "allegations of fraud,…averments to conditions of mind, or referrals to plans and schemes are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." Hayduck v. Lanna, 775 F.2d 441, 444 (1st Cir. (Mass.) 1985) (citations omitted).

The allegations of fraudulent activity made by the Pinnacle Parties in Count I of the Third-Party Complaint do no more than repeat their contract-based expectation of performance under the MBA and otherwise make impermissibly broad and non-specific claims against the Third-Party Defendants. See, e.g., Third-Party Complaint at ¶13. *Nowhere* in the Third-Party Complaint do the Pinnacle Parties identify the specific conversations or participants involved in making the allegedly fraudulent statements. *Nowhere* in the Third-Party Complaint do the Pinnacle Parties detail a time when the allegedly fraudulent statements were made by the Third-Party Defendants or where those statements were made. And *nowhere* in the Third-Party Complaint do the Pinnacle Parties explain why the alleged statements made by the Third-Party Defendants were fraudulent.

Furthermore, the ambiguous language employed by the Pinnacle Parties leaves the Third-Party Defendants unable to determine exactly which statements the Pinnacle

4

Parties believe constitute misrepresentations and which statements they believe were accurate.  See Third-Party Complaint at ¶13 ("[the Third-Party Defendants] made numerous representations and misrepresentations to Third-Party Plaintiffs…"); see also ¶25 ("The above representations and misrepresentations made by Third-Party Defendants, as well as other representations and misrepresentations, were material in that they were matters of extreme significance and importance to Third-Party Plaintiffs…").  As a result, the Pinnacle Parties have made it virtually impossible for the Third-Party Defendants to either admit or deny these allegations.  Their pleadings fall woefully short of the most basic requirements elucidated in Fed R. Civ. P. 9(b) and, as a result, should be dismissed.  See, e.g., Van Schaick v. Church of Scientology, 535 F. Supp. 1125, 1141-1142 (D. Mass. 1982) (dismissing claims for fraud where plaintiff failed to allege false statements of fact with particularity).

      Count III is similarly deficient.  Due to the Pinnacle Parties' inartful pleading, it is unclear whether they are pursuing a theory of rote negligence (*i.e.*, duty, breach, causation, and damages) or a theory of negligent misrepresentation.  Such uncertainty is entirely at odds with the notice pleading requirements of Fed. R. Civ. P. 8, and thus requires dismissal of Count III.   Nevertheless, should the Pinnacle Parties seek liability based on the former negligence theory, their allegations must be dismissed for failure to state a claim.  All of the Pinnacle Parties' contentions stem, in some fashion, from Tremont Realty Capital, Inc.'s ("Tremont's") alleged failure to obtain subject financing in breach of the MBA.  Yet, mere "failure to perform a contractual obligation is not a tort in the absence of a duty to act apart from the promise made." Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 368 (1997);  see also Redgrave v. Boston

5

Symphony Orchestra, Inc., 557 F. Supp. 230, 238 (D.Mass. 1983)(stating "a breach of contract is not, standing alone, a tort as well").  Tellingly, the Pinnacle Parties do not allege, nor could they allege, that the Third-Party Defendants owed them any duty upon which a tort could be based.  Thus, any claim set forth by the Pinnacle Parties for negligence must fail as a matter of law.

If, on the other hand, the Pinnacle Parties maintain that Count III represents a claim for negligent misrepresentation, the count is still legally deficient for a failure to plead with particularity.  See, e.g., Lindner Dividend Fund, Inc. v. Ernst & Young, 880 F.Supp. 49, 57 (D. Mass. 1995) ("I note that this district has 'clearly held that Rule 9(b) applies to claims of negligent misrepresentations'")(quoting In re Stratus Computer, Inc. Sec. Litig., 1992 WL 73555 at *6 (D. Mass. 1992)).  As with Count I, the sweeping allegations made by the Pinnacle Parties in Count III do not measure up to the pleading requirements of Fed. R. Civ. P. 9(b).  The Pinnacle Parties actually take pains to *avoid* particularity in their claims.  See, e.g., Third-Party Complaint at ¶42 ("Third-Party Defendants, including, *but not limited to*, Fortis, Tremont-Fortis, Mee, Gallitto, and Posorske, made *statements, representations and misrepresentations*…")(emphasis added).  While the Third-Party Defendants would welcome the opportunity to address the elements of the Pinnacle Parties' spurious claims, they are presently unable to analyze the precise alleged statements upon which the fraud-based claims are based.

The Pinnacle Parties once again fail to make any novel allegations in Count V, instead choosing only to incorporate the allegations made in the preceding paragraphs of the Third-Party Complaint.  Because their aiding and abetting claim is based upon their allegations of fraud, the heightened pleading requirements also apply to Count V.  See,

e.g., Bamberg v. SG Cowen, et al., 236 F.Supp.2d 79, 91 (D. Mass. 2002) ("A claim of aiding and abetting fraud must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b)."). As with Counts I and III described above, Count V also fails to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) and, as such, must be dismissed.

II.     **The Pinnacle Parties' Statutory Claims Are Also Fraud-Based, And, Therefore, Similarly Fail To Meet Rule 9(b)'s Pleading Requirements.**

The Pinnacle Parties' systemic failure to particularize their claims is likewise fatal to both of the statutory claims: G.L. 93A, §11 and A.R.A. § 44-1522. For both counts, they rely upon the allegations of fraud made in Count I of the Third-Party Complaint. As detailed above, these allegations do nothing more than restate simple, contract-based expectations of performance detailed under the MBA or make general assertions of representations that "the Third-Party Defendants" made to the Pinnacle Parties. Even after the Pinnacle Parties amended their Third-Party Complaint to add Counts IV and V, the Third-Party Defendants still cannot ascertain *who* made *what* representations, *when* or *where* they made them, and exactly *which* representations the Pinnacle Parties contend were false. For example, the Pinnacle Parties state that, among the "representations and misrepresentations" that Tremont and the Third-Party Defendants made during the negotiations of the MBA was that "Tremont and the Third-Party Defendants could (and would) secure for [the Pinnacle Parties] the 'subject financing.'" Third-Party Complaint at ¶13(b).

The Pinnacle Parties do not include any additional substantive allegations in their Chapter 93A count, instead stating that the actions of the Third-Party Defendants "as

7

alleged herein" violated M.G.L. c. 93A.  As with their other fraud-based counts, this generalized type of pleading fails to pass muster under the particularity requirements of this claim and must be dismissed.  See Mead Corp. v. Stevens Cabinets, Inc., 938 F. Supp. 87, 90-91 (D. Mass. 1996) (granting summary judgment on defendant's counterclaims for fraud and Chapter 93A for failing to particularize its claims).

Similarly, claims made under the Arizona Consumer Fraud Act, ARS §44-1521, *et seq.*, ("the Consumer Fraud Act") are subject to the same particularity requirements of Fed. R. Civ. P. 9(b).  See In re American Southwest Mortg. Litig., 1990 WL 304214 at *4 (D. Ariz. 1990)("The Arizona Consumer Fraud Act (ARS §44-1522) requires unlawful false, fraudulent and deceptive acts… In sum, Plaintiffs must show omissions or misstatements with respect to each of the state law claims and such showing must meet Rule 9(b), FRCP.").  Despite the opportunity to cure these defects afforded to the Pinnacle Parties by the Amended Third-Party Complaint, they again do nothing more than repeat the same vague and non-specific allegations of fraud from Count I.  Therefore, Count IV must be dismissed for the same reasons mandating dismissal of Counts I, II, III and V.  See Williamson v. Allstate Ins. Co., 204 F.R.D. 641, 644 (D. Ariz. 2001) (dismissing complaint made pursuant to the Consumer Fraud Act for failing to allege with particularity what representations were false and why they were false.).

**Conclusion**

For these reasons, the Third-Party Defendants respectfully request that this Court dismiss the Third-Party Complaint.

                                              FORTIS ADVISORS, LLC,
TREMONT-FORTIS REALTY CAPITAL, LLC,
RUSSELL POSORSKE,
RICHARD C. GALLITTO AND
DANIEL O. MEE

By their attorneys,

____/S/  Michael S. Day_____
James M. Wodarski, BBO# 627036
Michael S. Day, BBO # 656247
Joseph V. Cavanagh, BBO # 657671
Mintz, Levin, Cohn, Ferris, Glovsky
 and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated:  June 20, 2005