IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREMONT REALTY CAPITAL, INC.,<br><br>   Plaintiff,<br>v.<br><br>PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY,<br><br>   Defendants.<br>and<br><br>PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY,<br><br>   Counterclaim Plaintiffs,<br>v.<br><br>TREMONT REALTY CAPITAL, INC.,<br><br>   Counterclaim Defendant.<br>and<br><br>PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY,<br><br>   Third-Party Plaintiffs,<br>v.<br><br>FORTIS ADVISORS, LLC, TREMONT-FORTIS REALTY CAPITAL, LLC, RUSSELL POSORSKE, RICHARD C. GALLITTO AND DANIEL O. MEE<br><br>   Third-Party Defendants. | Civil Action No. 04-11853-RGS<br><br><br><br>**COUNTERCLAIM DEFENDANT'S AND THIRD PARTY DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO ADMIT, *PRO HAC VICE*, JOHN R. POLITAN TO THE BAR OF THE UNITED STATES DISTRICT COURT FOR THE DISCTICT OF MASSACHUSETTS** |

Counterclaim Defendant Tremont Realty Capital, Inc. ("Tremont") and the Third-Party Defendants, Fortis Advisors, LLC ("Fortis"), Tremont-Fortis Realty Capital, LLC, Russell Posorske ("Posorske"), Richard C. Gallitto and Daniel O. Mee (collectively the "Third Party Defendants") oppose the Motion For Leave To Admit, *Pro Hac Vice*, John R. Politan, (the "Pro Hac Vice Motion") submitted by Counterclaim and Third-Party Plaintiffs Pinnacle Group, LLC, Adams Canyon Ranch, LLC, John Lang and Michael Grady (collectively the "Pinnacle Parties") and respectfully ask this Court to deny the Pro Hac Vice Motion because of the panoply of ethical and legal issues granting it would create. [1] The attorney the Pinnacle Parties seek to admit in this litigation, John R. Politan ("Attorney Politan"), was counsel to Posorske in a number of matters, and is *still* the counsel of record for Fortis. Furthermore, a thicket of additional and inevitable problems with Attorney Politan's representation of the Pinnacle Parties looms ahead, as Attorney Politan has already been identified as a potential material witness in this case due to his pre- and post-litigation interaction with parties on both sides of the dispute. [2]

The granting or denial of admission of an out-of-state attorney seeking admission pro hac vice is a matter left to the discretion of the Court. See generally Panzardi-Alvarez v. United States, 879 F.2d 975 (1st Cir. 1989); DiLuzio v. United Electrical, Radio and Machine Workers of America, Local 274, 461 N.E.2d 766 (Mass. 1984). In this case, the admission of Attorney Politan pro hac vice is inappropriate.

---

[1] In the interest of judicial economy, Tremont and the Third Party Defendants choose to oppose Attorney Politan's admission *pro hac vice* instead of filing a motion to disqualify Attorney Politan after he entered an appearance in this litigation.

[2] Counsel for the Pinnacle Parties shared their desire to admit Attorney Politan pro hac vice in this matter with counsel for Tremont and the Third Party Defendants and were advised about Attorney Politan's ethical conflicts during at least two telephone conferences before counsel for the Pinnacle Parties filed their Pro Hac Vice Motion.

2

While Attorney Politan did advise the Court of his status as statutory agent for Fortis in his affidavit, he and the Pinnacle Parties failed to address other actual conflicts that prohibit his admission pro hac vice in this case. As detailed in the attached Affidavit of Edward Kobel ("Kobel Aff."), Attorney Politan has represented Fortis since its inception, and **continues to** serve as its legal counsel. Kobel Aff. ¶4. Attorney Politan has also represented Edward Kobel ("Kobel"), the managing member of Fortis, and Posorske, a member of Fortis, in an individual capacity. Kobel Aff. ¶5. While these facts alone implicate Massachusetts Rules of Professional Conduct 1.7 ("Rule 1.7") and 1.9 ("Rule 1.9"), there are even more problems with the pro hac vice admission of Attorney Politan in this case since he and Kobel **specifically discussed the merits of this litigation** and had conversations about the likelihood of settlement of this case.[3/] Kobel Aff. ¶6.

These conversations and Attorney Politan's professional relationship with parties on both sides of this dispute raise inevitable and unavoidable issues that will only increase in frequency and complexity as this litigation progresses. For example, as discovery continues in this case, both Tremont and, if they remain as parties in this litigation, the Third Party Defendants are likely to seek to depose Attorney Politan as a material witness in the litigation. As a result, both Tremont and the Third Party Defendants will explore more fully the issue of subject matter waiver with respect to the communications between the Pinnacle Parties and Attorney Politan.

---

[3/] In close cases, moreover, it is Attorney Politan's ethical obligation to "resolve all questions **against** the acceptance of employment whenever such acceptance **may** impinge upon the interests of . . . former clients." Mailer v. Mailer, 390 Mass. 371, 375 (1983) (emphasis added). See also Putnam Resources, Ltd. Partnership v. Sammartino, Inc., 124 F.R.D. 530, 532 (D.R.I. 1988) ("Any doubts concerning the propriety of such representation should be resolved by withdrawal.").

3

Of course, independent of the conversations Attorney Politan has had with Kobel about this litigation, Attorney Politan's current representation of Fortis and past representation of Posorske are enough to warrant denial of his admission pro hac vice. In their oppositions to both Tremont's and the Third Party Defendant's motions to dismiss, the Pinnacle Parties apparently contend that the skill and experience of Tremont and the Third Party Defendants are central to the Pinnacle Parties' claims. (Docket Nos. 41 and 42, respectively)  As prior counsel to Posorske and current counsel to Fortis, Politan presumably had access to confidential information of both clients. As such, his appearance as counsel for an adverse party is inappropriate. See generally Feghi v. Concord Lane Associates, Inc., No. 975966D, 1998 WL 1198699, *3 (Mass. Super. Ct. Aug. 19, 1998) (disqualification warranted where communications from the prior representation "create an unacceptable **potential** for overlap with the issues in the current action and, in fact, often bear directly on such issues."); DeLoury v. DeLoury, 22 Mass. App. Ct. 611, 614-15 (1986) (lawyer who *only met briefly* with wife to discuss divorce proceedings and who conducted search on husband's real estate holdings *later disqualified* from representing husband in divorce).  See also Massachusetts Bar Association, Committee on Professional Ethics Opinion No. 75-7 ("A lawyer should not represent a present client in an adversary matter against a former client if such matter **may** involve the use of confidences or secrets of the former client **or even may appear to do so**.") (emphasis added); Massachusetts Bar Association, Committee on Professional Ethics Opinion No. 76-14 ("The test, as it has been held, is not whether the lawyer did, **in fact**¸ receive confidential information during his previous employment which may be used to the former client's disadvantage; rather, '**if it can be reasonably said that in the**

4

**course of the former representation the attorney might have acquired information related to the matter of his subsequent representation … it is the court's duty to order the attorney disqualified.**'") quoting <u>Emle Industries, Inc. v. Patentex, Inc.</u>, 478 F.2d 562, 571 (2nd Cir. 1973) (emphasis added).

Beyond the fact that disqualification is warranted where there is a *mere potential* for the disclosure of confidential information, the fact remains that, if permitted to continue his representation of the Pinnacle Parties, Attorney Politan inevitably (either intentionally or unintentionally) will use such confidential information learned during his previous representation of Fortis and Posorske.  <u>See</u>, <u>e.g.</u>, <u>Massachusetts Bar Association</u>, Committee on Professional Ethics Opinion No. 97-5 ("The test presumes that the lawyer has confidential information from the former representation and is based on the danger that the attorney could intentionally or inadvertently misuse the confidences and secrets of the former client.")  Therefore, *regardless* of whether his prior representation of Fortis or Posorske was substantially related to this matter, Rule 1.9(c) provides an independent basis to deny Attorney Politan's pro hac vice admission.  <u>See</u>, <u>e.g.</u>, <u>National Medical Care, Inc. v. Home Medical of America, Inc.</u>, 15 Mass. L. Rptr. 256 (Mass. Super. Ct. 2002) ("This Court acknowledges that disqualification may be required under Rule 1.9(c) **even when the adverse matters are not substantially related if the law firm is found**, without consent, to have actually used confidential information of the former client to the disadvantage of the former client or the advantage of a new client.") (emphasis added).

## CONCLUSION

For the reasons set forth above, Tremont and the Third Party Defendants respectfully request that this Court deny the Pro Hac Vice Motion.

TREMONT REALTY CAPITAL, INC.,

and

FORTIS ADVISORS, LLC,
TREMONT-FORTIS REALTY CAPITAL, LLC,
RUSSELL POSORSKE,
RICHARD C. GALLITTO AND
DANIEL O. MEE

By their attorneys,


  /s/ Michael S. Day
James M. Wodarski, BBO# 627036
Michael S. Day, BBO # 656247
Joseph V. Cavanagh, BBO # 657671
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated:  July 5, 2005

### Certificate of Service

I certify that on this day I caused a true copy of this motion and accompanying affidavit to be served on the Third-Party Plaintiff's counsel of record, William J. Hunt, Clark, Hunt & Emery, 55 Cambridge Parkway, Cambridge, Massachusetts 02142, by first class mail.

Dated:  July 5, 2005                     /s/ Michael S. Day           .
                                        Michael S. Day

6

LIT 1528127v.2