IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREMONT REALTY CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY, <br><br> Defendants. <br><br> ──────────────────────── <br><br> PINNACLE GROUP, LLC, ADAMS CANYON RANCH, LLC, JOHN LANG, and MICHAEL GRADY, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> TREMONT REALTY CAPITAL, INC., <br><br> Counterclaim Defendant. | Civil Action No. 04-11853-RGS |

**PLAINTIFF'S ANSWER TO DEFENDANTS' SECOND AMENDED
ANSWER AND SECOND AMENDED COUNTERCLAIMS**

Plaintiff Tremont Realty Capital, Inc. ("Tremont") hereby answers Defendants

Pinnacle Group, LLC ("Pinnacle"), Adams Canyon Ranch, LLC ("Adams Canyon"), John

Lang, and Michael Grady's (collectively, "Defendants") Second Amended Answer and

Second Amended Counterclaims ("Counterclaims") and responds to the allegations

contained in the numbered paragraphs of the Counterclaims as follows:

1

1. Admitted.

2. Tremont denies the allegations contained in paragraph 2 of the Counterclaims.

3. Admitted.

4. Admitted.

5. Tremont admits that John Lang is an individual residing in Scottsdale, Arizona and a manager of Pinnacle. Tremont lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 5.

6. Tremont admits that Michael Grady is an individual residing in Arizona and that Grady is the CFO of Pinnacle and the manager of Santa Paula Development Partners, LLC, which is the manager of Adams Canyon. Tremont lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 state conclusions of law to which no response is required.

8. Tremont admits that Daniel Mee ("Mee") has been an Executive Director of Tremont since February of 2000. Tremont further admits that Mee has been a director and officer of Tremont since that date and was an employee of Tremont from that date until June 30, 2002. The remainder of the allegations contained in paragraph 8 state conclusions of law to which no response is required.

9. Tremont admits that Russell Posorske ("Posorske") was hired to be a marketing representative in Scottsdale, Arizona and that Posorske has held the title of "Senior Director" since that time. Tremont denies that Posorske is or has been at all times

material hereto a director, officer, and employee of Tremont. The remainder of the allegations contained in paragraph 9 state conclusions of law to which no response is required.

10. Tremont admits that Richard Gallitto ("Gallitto") has been an Executive Director since February of 2000. Tremont further admits that Gallitto has been a director and officer of Tremont since that date and was an employee of Tremont from that date until June 30, 2002. The remainder of the allegations contained in paragraph 10 state conclusions of law to which no response is required.

11. Tremont cannot determine which "statements," and "other actions and conduct," of Mee, Gallitto and Posorske are referred to in paragraph 11 and therefore lacks knowledge or sufficient information to form a belief as to the allegations contained in paragraph 11.

12. Tremont admits that in 2003 it entered into negotiations with Defendants relative to the terms of a Mortgage Banking Agreement, entered into between Tremont and Defendants on August 30, 2003 and attached as Exhibit A to Tremont's Complaint (the "Agreement") and that Mee, Gallitto, Posorske and others participated in those negotiations. The remainder of the allegations contained in paragraph 12 state conclusions of law to which no response is required.

13. To the extent the allegations contained in paragraph 13 state conclusions of law, no response is required. Tremont denies the remainder of the allegations contained in paragraph 13.

14. Admitted.

15. Denied. Answering further, Tremont states that, on August 4, 2003, Tremont Realty Capital, LLC formed a joint venture with Fortis Advisors, LLC, known as Tremont-Fortis, LLC.

16. Denied.

17. Denied.

18. Denied.

19. Tremont admits that it is knowledgeable and experienced relative to potential real estate capital funding sources and capable of handling a real estate project of the magnitude of the Project. The remainder of the allegations contained in paragraph 19 state conclusions of law to which no response is required.

20. Denied.

21. Denied.

## COUNT I
### (Fraud)

22. Tremont restates its responses to paragraphs 1 through 21 of the Counterclaims.

23. Denied.

24. Denied.

25. Admitted.

26. Denied.

27. Tremont admits that Lang, Grady and Posorke met at Pinnacle's office for a second meeting at Pinnacle's office at 8145 N. 86th Place and that Posorske advised Lang and Grady that Tremont was interested in working on the project known as the Ranch at Santa Paula. Tremont denies the remainder of the allegations contained in paragraph 27.

4

28. Tremont admits that "Posorske supplied Counterclaimants with a copy of his Tremont business card identifying himself as a 'Senior Director' and also directed Counterclaimants to review additional information concerning Tremont's capabilities and background on Tremont's website." Tremont lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 28.

29. Denied.

30. Denied.

31. Tremont lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31.

32. Tremont lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32.

33. Denied.

34. Admitted.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied. Answering further, Tremont states that the Mortgage Banking Agreement executed between Tremont and the Counterclaimants is a document that speaks for itself.

52. Tremont lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52.

53. Denied.

54. Denied.

55. Denied.

## Count II
**(Unfair and Deceptive Acts and Practices Pursuant M.G.L. c. 93A)**

56. Tremont restates its responses to paragraphs 1 through 55 of the Counterclaims.

57. The allegations contained in paragraph 57 state conclusions of law to which no response is required.

58. Denied.

59. The allegations contained in paragraph 59 state conclusions of law to which no response is required.

60. Denied.

61. Denied.

62. The allegations contained in paragraph 62 state conclusions of law to which no response is required.

## Count III
### (Negligence)

63. Tremont restates its responses to paragraphs 1 through 62 of the Counterclaims.

64. Denied.

65. Denied.

66. Denied.

## Count IV
### (Breach of Contract)

67. Tremont restates its responses to paragraphs one through 66 of the Counterclaims.

68. The allegation contained in paragraph 68 states conclusions of law to which no response is required.

69. Denied.

70. Denied.

71. Denied.

## Count V
### (Declaratory Judgment)

72. Tremont restates its responses to paragraphs one through 71 of the Counterclaims.

73. Tremont denies the allegations contained in paragraph 73 as a characterization of a document that speaks for itself.

74. Tremont denies the allegations contained in the first sentence of paragraph 74 as a characterization of a document that speaks for itself. Tremont denies the remainder of the allegations contained in paragraph 74.

75. Tremont denies the allegations contained in the first sentence of paragraph 75 as a characterization of a document that speaks for itself. Tremont denies the remainder of the allegations contained in paragraph 75.

76. The allegations contained in paragraph 76 state a conclusion of law to which no response is required.

77. The allegations contained in paragraph 77 state a conclusion of law to which no response is required.

78. Denied.

79. Paragraph 79 does not assert a claim or allegation against Tremont, and thus no response is required.

### Count VI
### (Consumer Fraud)

80. Tremont restates its responses to paragraphs 1 through 79 of the Counterclaims.

81. The allegation contained in paragraph 81 states conclusions of law to which no response is required.

82. The allegation contained in paragraph 82 states conclusions of law to which no response is required.

83. The allegation contained in paragraph 83 states conclusions of law to which no response is required.

84. Denied.

85. Denied.

## AFFIRMATIVE DEFENSES

Tremont gives notice to Defendants that Tremont intends to raise any other Affirmative Defenses, Counterclaims and/or Third-Party Claims that may become apparent during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

Defendants are estopped from asserting its claims because of their own word and deed.

## SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in party by a lack of justifiable reliance.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred due to fraud by the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Tremont.

## NINTH AFFIRMATIVE DEFENSE

Tremont is immune for harm sustained by its legal adversary.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Defendants claim damages under their legal claims, any such injury, if it occurred, resulted from the acts or omissions of a third party over which Tremont had no control.

Wherefore, Tremont prays that the Court dismiss this action and award Tremont its costs, including reasonable attorneys' fees.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

**TREMONT REALTY CAPITAL, INC.**
By its attorneys,

 /s/ Joseph V. Cavanagh
James M. Wodarski, BBO# 627036
Michael S. Day, BBO # 656247
Joseph V. Cavanagh, BBO # 657671
Mintz, Levin, Cohn, Ferris,
 Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated:  August 23, 2005

### Certificate of Service

I hereby certify that this day I caused a true and accurate copy of the foregoing document to be served upon the Defendants' counsel of record, William J. Hunt, Clark, Hunt & Emery, 55 Cambridge Parkway, Cambridge, Massachusetts 02142 by first class mail.

Dated:  August 23, 2005                             /s/ Joseph V. Cavanagh
                                                                     Joseph V. Cavanagh

LIT 1537578v1