IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TREMONT REALTY CAPITAL, INC.,<br><br>    Plaintiff,<br>v.<br><br>PINNACLE GROUP, LLC, ADAMS<br>CANYON RANCH, LLC, JOHN LANG,<br>and MICHAEL GRADY,<br><br>    Defendants.<br>and<br><br>PINNACLE GROUP, LLC, ADAMS<br>CANYON RANCH, LLC, JOHN LANG,<br>and MICHAEL GRADY,<br><br>    Counterclaim Plaintiffs,<br>v.<br><br>TREMONT REALTY CAPITAL, INC.,<br><br>    Counterclaim Defendant.<br>and<br><br>PINNACLE GROUP, LLC, ADAMS<br>CANYON RANCH, LLC, JOHN LANG,<br>and MICHAEL GRADY,<br><br>    Third-Party Plaintiffs,<br>v.<br><br>FORTIS ADVISORS, LLC,<br>TREMONT-FORTIS REALTY CAPITAL,<br>LLC, RUSSELL POSORSKE, RICHARD<br>C. GALLITTO AND DANIEL O. MEE<br><br>    Third-Party Defendants. | Civil Action No. 04-11853-RGS |

## THE THIRD-PARTY DEFENDANTS' ANSWER TO THE SECOND AMENDED THIRD-PARTY COMPLAINT

Third-Party defendants Fortis Advisors, LLC ("Fortis"), Tremont-Fortis Realty Capital, LLC ("Tremont-Fortis"), Russell Posorske ("Posorske"), Richard C. Gallitto ("Gallitto") and Daniel O. Mee ("Mee") (collectively the "Third-Party Defendants") hereby answer Defendants Pinnacle Group, LLC ("Pinnacle"), Adams Canyon Ranch, LLC ("Adams Canyon"), John Lang ("Lang"), and Michael Grady's ("Grady") (collectively, "Defendants") Second Amended Third-Party Complaint ("Third-Party Complaint") and respond to the allegations contained in the numbered paragraphs of the Third-Party Complaint as follows:

1. Paragraph 1 does not assert a claim or allegation against the Third-Party Defendants, and thus no response is required.

2. The allegations contained in paragraph 2 state conclusions of law to which no response is required.

3. Admitted.

4. Admitted.

5. The Third-Party Defendants admit that John Lang is an individual residing in Scottsdale, Arizona and a manager of Pinnacle. The Third-Party Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 5.

6. The Third-Party Defendants admit that Michael Grady is an individual residing in Arizona and that Grady is the CFO of Pinnacle and the manager of Santa Paula Development Partners, LLC, which is the manager of Adams Canyon. The Third-

2

Party Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 6.

    7.    Admitted.

    8.    The Third-Party Defendants lack knowledge or information sufficient to form a belief as to the first sentence contained in paragraph 8. The Third-Party Defendants deny the remainder of the allegations contained in paragraph 8. Answering further, the Third-Party Defendants state that, on August 4, 2003, Tremont Realty Capital, LLC formed a joint venture with Fortis Advisors, LLC, known as Tremont-Fortis, LLC.

    9.    The Third-Party Defendants admit that Mee has been an Executive Director of Tremont Realty Capital, Inc. ("Tremont") since February of 2000. The Third-Party Defendants further admit that Mee has been a director and officer of Tremont since that date and was an employee of Tremont from that date until June 30, 2002. The remainder of the allegations contained in paragraph 9 state conclusions of law to which no response is required.

    10.    The Third-Party Defendants admit that Posorske was hired to be a marketing representative in Scottsdale, Arizona and that Posorske has held the title of "Senior Director" since that time. The Third-Party Defendants deny that Posorske is or has been at all times material hereto a director, officer, and employee of Tremont. The remainder of the allegations contained in paragraph 10 state conclusions of law to which no response is required.

    11.    The Third-Party Defendants admit that Gallitto has been an Executive Director since February of 2000. The Third-Party Defendants further admit that Gallitto

has been a director and officer of Tremont since that date and was an employee of Tremont from that date until June 30, 2002. The remainder of the allegations contained in paragraph 11 state conclusions of law to which no response is required.

12. The paragraphs in the "Second Amended Answer and Second Amended Counterclaim" referenced in paragraph 12 make allegations against Tremont, Plaintiff in this action. Accordingly, no responses are required from the Third-Party Defendants to those allegations. To the extent that those paragraphs are not duplicative of the allegations made in the Third-Party Complaint, and to the extent those paragraphs make factual allegations against the Third-Party Defendants, the Third-Party Defendants incorporate by reference the responses filed by Tremont in "Plaintiff's Answer To Defendants' Second Amended Answer And Second Amended Counterclaims."

## COUNT I
### (Fraud)

13. The Third-Party Defendants restate their responses to paragraphs 1 through 12 of the Third-Party Complaint.

14. Denied.

15. Denied.

16. Admitted.

17. Denied.

18. The Third-Party Defendants admit that Lang, Grady and Posorske met for a second time at Pinnacle's office at 8145 N. 86th Place and that Posorske advised Lang and Grady that Tremont was interested in working on the Project known as the Ranch at Santa Paula. The Third-Party Defendants deny the remaining allegations in paragraph 18.

19. The Third-Party Defendants admit that "Posorske supplied Third-Party Plaintiffs with a copy of his Tremont business card identifying himself as a 'Senior Director' and also directed Third-Party Plaintiffs to review additional information concerning Tremont's capabilities and background on Tremont's website." The Third-Party Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 19.

20. Denied.

21. Denied.

22. The Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. The Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Denied

29. Denied.

30. Denied.

31. Admitted.

32. Denied

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied. Answering further, the Third-Party Defendants state that the Mortgage Banking Agreement executed between Tremont and the Defendants is a document that speaks for itself.

43. The Third-Party Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43.

44. Denied.

45. Denied.

46. Denied.

## Count II
### (Unfair and Deceptive Acts and Practices Pursuant M.G.L. c. 93A)

47. The Third-Party Defendants restate their responses to paragraphs 1 through 46 of the Third-Party Complaint.

48. The allegations contained in paragraph 48 state conclusions of law to which no response is required.

49. Denied. Answering further, the Third-Party Defendants state that they were and are not parties to the Mortgage Banking Agreement.

50. The allegations contained in paragraph 50 state conclusions of law to which no response is required.

51. Denied.

52. Denied.

53. The allegations contained in paragraph 53 state conclusions of law to which no response is required.

## Count III
### (Negligence)

54. The Third-Party Defendants restate their responses to paragraphs 1 through 53 of the Third-Party Complaint.

55. Denied.

56. Denied.

57. Denied.

## Count IV
### (Breach of Contract)

58. Defendants have dismissed count IV of the Third-Party Complaint. Accordingly, no response to the allegations contained in paragraph 58 is required.

59. Defendants have dismissed count IV of the Third-Party Complaint. Accordingly, no response to the allegations contained in paragraph 59 is required.

60. Defendants have dismissed count IV of the Third-Party Complaint. Accordingly, no response to the allegations contained in paragraph 60 is required.

61. Defendants have dismissed count IV of the Third-Party Complaint. Accordingly, no response to the allegations contained in paragraph 61 is required.

62. Defendants have dismissed count IV of the Third-Party Complaint. Accordingly, no response to the allegations contained in paragraph 62 is required.

### Count V
### (Consumer Fraud)

63. The Third-Party Defendants restate their responses to paragraphs 1 through 62 of the Third-Party Complaint.

64. The allegation contained in paragraph 64 states conclusions of law to which no response is required.

65. The allegation contained in paragraph 65 states conclusions of law to which no response is required.

66. The allegation contained in paragraph 66 states conclusions of law to which no response is required.

67. Denied.

68. Denied.

### AFFIRMATIVE DEFENSES

Third-Party Defendants give notice to Defendants that the Third-Party Defendants intend to raise any other Affirmative Defenses, Counterclaims and/or Third-Party Claims that may become apparent during the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

Defendants are estopped from asserting its claims because of their own word and deed.

### SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in party by a lack of justifiable reliance.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred due to fraud by the Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the Third-Party Defendants.

### NINTH AFFIRMATIVE DEFENSE

The Third-Party Defendants are immune for harm sustained by their legal adversary.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Defendants claim damages under their legal claims, any such injury, if it occurred, resulted from the acts or omissions of a third party over which the Third-Party Defendants had no control.

Wherefore, the Third-Party Defendants pray that the Court dismiss this action and award the Third-Party Defendants their costs, including reasonable attorneys' fees.

### Jury Demand

The Third-Party Defendants demand a trial by jury on all issues so triable.

**FORTIS ADVISORS, LLC,
TREMONT-FORTIS REALTY CAPITAL, LLC,
RUSSELL POSORSKE,
RICHARD C. GALLITTO AND
DANIEL O. MEE**

By their attorneys,

/s/ Joseph V. Cavanagh
James M. Wodarski, BBO# 627036
Michael S. Day, BBO # 656247
Joseph V. Cavanagh, BBO # 657671
Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated:  September 7, 2005

### Certificate of Service

I hereby certify that on this day, I caused a true and accurate copy of the foregoing document to be served upon William J. Hunt, Clark, Hunt & Emery, 55 Cambridge Parkway, Cambridge, Massachusetts 02142, by complying with this Court's Administrative Procedures for Electronic Case Filing.

Dated:  September 7, 2005                    /s/ Joseph V. Cavanagh
                                             Joseph V. Cavanagh